IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYNARD R. JACKSON

                     Petitioner,                              ORDER

       v.                                            3:07-cv-656-bbc

JOAN GERL, GARY BOUGHTON,
DANE ESSER, T. BROWN, J.T.
BROWN, LARRY JOHNSON, MICHAEL
SHANNON, JEFF REWEY, THOMAS
TAYLOR, VICKY MANDERFIELD,
RICHARD SCHNEITER, PETER
HUIBREGTSE, DR. COX, DR. LAMAR,
R. HABLE, S.D. HABLE, CAPTAIN
GARDNER, T. SAWINSKI, JOHN SHARPE,
KELLY TUMM, T. LANSING, MS. THESING,
TOM GINZKE, RICK RAEMISCH, JOHN
BETT, STEVE CASPERSON, DAN
WESTFIELD, MARION HARTMANN
and MATHEW FRANK,

                     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Raynard R. Jackson, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed in forma pauperis. Because petitioner is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can

proceed with his complaint in forma pauperis, petitioner will have to make an initial partial payment of the filing fee in the amount of $3.05 and pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner must pay at this time is the $3.05 initial partial payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes.

In his request for leave to proceed, petitioner states that, "every two weeks [he] receive[s] approximately 8 cents out of $3.50 after deduction of court cost & restitution." Indeed, petitioner's trust fund account statement shows that most of the income he receives is immediately deducted from the account to pay for such things as victim witness surcharges and institution restitution.

Petitioner may believe that he will be unable to pay an initial partial payment because the prison is taking nearly 100% of new deposits into his trust fund account. If so, he is mistaken. The Court of Appeals for the Seventh Circuit has held that when a prisoner owes an initial partial payment for filing a complaint or a notice of appeal and he is receiving periodic income in his prison account, prison officials must collect the payment off the top

of the next deposit to the account. This is true even when the prisoner owes money on other obligations. Therefore, petitioner has no reason to fear that he will be unable to pay the assessed amount because he owes other obligations.

As a final matter, petitioner has submitted to the court a letter dated November 15, 2007, asking for a copy of his complaint filed in this case. I am enclosing one of the copies of the complaint petitioner provided at the time of filing of this case.

## ORDER

IT IS ORDERED that petitioner is assessed $3.05 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $3.05 on or before December 26, 2007. If, by December 26, 2007, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 5th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge