IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYNARD JACKSON,

                                   OPINION and ORDER

           Plaintiff,

                                   07-cv-656-bbc

     v.

JOAN GERL, GARY BOUGHTON,
TODD SAWINSKI, DANE ESSER,
THOMAS BROWN, JANET BROWN,
LEONARD JOHNSON, ROBERT SHANNON,
JEFF REWEY, THOMAS TAYLOR,
VICKIE MANDERFIELD, MARION HARTMANN,
RICHARD SCHNEITER, PETER HUIBREGTSE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In an order dated January 29, 2009, I stayed a decision whether plaintiff would be allowed to proceed in forma pauperis on what I construed to be potential state law claims that (1) defendant Esser violated Wis. Admin. Code § DOC 306.17(3)(b) when he, instead of medical staff, conducted a body cavity search of plaintiff; (2) defendants Esser, Gerl, Taylor, Janet Brown, Shannon, Johnson, Rewey, Manderfield and Hartmann violated Wis. Admin. Code § DOC 306.17(5)(a) because they failed to intervene to stop a search that degraded and humiliated plaintiff; and (3) defendants violated § DOC 303.71(3) by placing

1

him in an empty cell without clothes and hygiene supplies. I dismissed the third claim because it did not arise out of the same transaction or occurrence as plaintiff's excessive force and unreasonable search claims and, therefore, this court lacked supplemental jurisdiction to consider it. As to the remaining two claims, I asked plaintiff to advise the court what Wisconsin law created a private right of action that would allow him to sue defendants for these alleged violations.

Now plaintiff has filed a response to the January 29 order in which he states that he did not intend to raise any state law claims against defendants for violations of the DOC regulations. He says he referred to these regulations only insofar as they are "relevant to elements of [his] § 1983 claims," Dkt. #62, at 2. Because plaintiff states expressly that he is not raising any state law claims for violations of Wis. Admin. Code § DOC 306.17(3)(b) and Wis. Admin. Code § DOC 306.17(3)(b), I will refrain from construing the complaint to include such claims.

ORDER

IT IS ORDERED that the stay imposed in this court's order of January 29, 2009 is LIFTED. Pursuant to plaintiff's clarification, the amended complaint is not to be understood as raising state law claims that Esser violated Wis. Admin. Code § DOC 306.17(3)(b) and defendants Esser, Gerl, Taylor, Janet Brown, Shannon, Johnson, Rewey,

Manderfield and Hartmann violated Wis. Admin. Code § DOC 306.17(5)(a).

Entered this 13th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3